[Cite as *Bowers v. Craven*, 2012-Ohio-332.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DUANE BOWERS

    Appellant

    v.

JAMIE CRAVEN

    Appellee

C.A. No.      25717

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2002-09-5475

DECISION AND JOURNAL ENTRY

Dated: February 1, 2012

---

CARR, Judge.

{¶1} Appellant, Duane Bowers, appeals the order of the Summit County Court of Common Pleas which denied his motion to compel discovery and granted summary judgment in favor of appellee, Allstate Insurance Co. ("Allstate"). This Court dismisses for lack of a final, appealable order.

I.

{¶2} In 2002, Bowers filed a complaint against Jamie Craven, alleging that he was injured when Craven's automobile struck him. Bowers obtained default judgment against Craven in the amount of $100,000.00. Several years later, Craven moved to vacate the default judgment for a lack of personal jurisdiction based on ineffective service of process. The trial court denied the motion to vacate, Craven appealed, and this Court affirmed the trial court's judgment. *Bowers v. Craven*, 9th Dist. No. 24422, 2009-Ohio-2222.

**{¶3}** On October 2, 2008, Bowers filed an "Amended/Supplemental Complaint," of which only the first page is contained in the record. Although he named both Craven and Allstate as defendants, it is impossible to identify the claim or claims he alleged against Allstate because of the incomplete record.

**{¶4}** Allstate answered the complaint, entering general denials. The insurance company further alleged a counterclaim against Bowers and a cross-claim against Craven, both sounding in declaratory judgment. There is nothing in the record to indicate that Bowers answered the counterclaim.

**{¶5}** On November 10, 2009, Allstate moved for summary judgment on its claims for declaratory judgment. On November 17, 2009, Bowers moved for an extension of time in which to respond to the motion for the reason that no discovery had taken place. On December 2, 2009, the trial court granted a 90-day extension in which Bowers could respond to the motion for summary judgment. On May 14, 2010, Bowers again moved to extend the time in which he might respond to Allstate's motion for summary judgment. He requested 60 days beyond the conclusion of discovery in which to file his response. Although there is no order in the record ruling on Bowers' second motion for extension of time, the clerk's transcript of docket and journal entries lists the following entry: "53. 05/19/10 Court grants plaintiff's motion and orders that response is extended to 60 days after discovery has been finished. EMS John D. Lambert[.]" The number of this docket entry is circled and the handwritten notation "NOT PROVIDED" appears next to the number. It is unclear from the entry whether this was an order issued by Judge Elinore Marsh Stormer or whether it was merely a proposed order submitted by Bowers' attorney, John D. Lambert.

{¶6} On September 17, 2010, Bowers filed a motion to compel discovery responses, or, in the alternative, his memorandum in opposition to Allstate's motion for summary judgment. On October 6, 2010, Allstate filed a brief in opposition to Bowers' motion to compel and a separate reply in support of its motion for summary judgment. On November 8, 2010, the trial court issued an order, denying Bowers' motion to compel discovery, dismissing Bowers' claim against Allstate, and granting declaratory judgment against Bowers and Craven in favor of Allstate on its counterclaim and cross-claim. Bowers appealed, raising two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ALLSTATE INSURANCE COMPANY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT BOWERS' MOTION TO COMPEL DISCOVERY RESPONSES.

{¶7} Bowers argues that the trial court erred by granting summary judgment in favor of Allstate and by denying his motion to compel discovery responses. This Court lacks jurisdiction to consider either of Bowers' arguments.

{¶8} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000). "An order is a

final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 229 (1999).

Order Granting Summary Judgment

{¶9} Allstate sought a declaration of its rights and obligations under the terms of the insurance policy under which Craven was an insured at the time she ran over Bowers with her car. The trial court's order merely rendering judgment in favor of Allstate on its declaratory judgment claims does not constitute a final, appealable order.

{¶10} "[T]o terminate the matter, the order must contain a statement of the relief that is being afforded the parties." *Hawkins v. Innovative Property Mgt.*, 9th Dist. No. 22802, 2006-Ohio-394, at ¶ 5, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 215 (9th Dist.2000). This Court has further held that "[a]n order is not final until the trial court rules on all of the issues surrounding the award, 'leaving nothing outstanding for future determination.'" *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, at ¶ 18 (9th Dist.), quoting *State v. Muncie*, 91 Ohio St.3d 440, 446 (2001).

{¶11} R.C. 2721.02(A) addresses declaratory judgment actions and states, in relevant part: "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. *** The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." This Court has held that "'[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.'" *No-Burn, Inc. v. Murati*, 9th Dist. No. 24577, 2009-Ohio-6951, at ¶ 11, quoting *Dutch Maid Logistics, Inc. v. Acuity*, 8th Dist. No. 86600, 2006-Ohio-1077, at ¶ 10. We have further stated: "'In order to properly enter judgment in a declaratory judgment action, the trial court

must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations. If the trial court fails to fulfill these requirements, its judgment is not final and appealable.'" *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. No. 09CA0076, 2011-Ohio-1295, at ¶ 15, quoting *Revis v. Ohio Chamber Ballet*, 9th Dist. No. 24696, 2010-Ohio-2201, at ¶ 38 (Dickinson, P.J., concurring).

**{¶12}** In this case, the trial court failed to set forth any of the rights and obligations of the parties pursuant to the insurance policy. Instead, it merely "render[ed] judgment in favor of Allstate[] on its claim[s] for Declaratory Judgment against Bowers and Craven." By failing to declare the parties' rights and obligations, the order granting summary judgment is not a final, appealable order.

Order Denying the Motion to Compel Discovery

**{¶13}** Bowers moved to compel Allstate to respond to his discovery requests. In the absence of a final, appealable order resolving the underlying matter, the trial court's order denying the motion to compel is not a final, appealable order.

**{¶14}** Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable. *Novak v. Studebaker*, 9th Dist. No. 24615, 2009-Ohio-5337, at ¶ 14, citing *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). While exceptions may apply under limited circumstances, Bowers has not argued that any exception applies and this Court has found none which applies.

**{¶15}** In this case, the trial court's order denying Bowers' motion to compel discovery is merely an interlocutory order which is not immediately appealable.

III.

{¶16} The trial court's order denying Bowers' motion to compel discovery and purporting to grant summary judgment in favor of Allstate is not a final, appealable order. Therefore, this Court lacks jurisdiction to address the merits of the appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JOHN D. LAMBERT, Attorney at Law, for Appellant.

ADAM E. CARR, Attorney at Law, for Appellee.