[Cite as *Koprivec v. Rails-to-Trails of Wayne Cty.*, 2014-Ohio-2230.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DON KOPRIVEC, et al.

    Appellants

    v.

RAILS-TO-TRAILS OF WAYNE
COUNTY

    Appellee

C.A. No.     13CA0004

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    11-CV-0083

DECISION AND JOURNAL ENTRY

Dated: May 27, 2014

---

CARR, Judge.

**{¶1}** Plaintiffs-Appellants, Don and Carolyn Koprivec, Brian and Laura Bilinovich, and Joseph and Michelle Koontz (collectively, "the Landowners"), appeal from the decision of the Wayne County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Rails-to-Trails of Wayne County ("Rails-to-Trails"), and denying summary judgment to the Landowners. Because the trial court failed to declare the rights and responsibilities of the parties, this Court dismisses for lack of a final, appealable order.

I.

**{¶2}** This suit centers on a dispute over the nature and scope of the property rights associated with a former railroad corridor that runs through Marshallville, Ohio. The railroad corridor either abuts or divides certain parcels of real property owned by the Landowners. The Koprivecs, who purchased their property in December 1981, own approximately 41 acres directly to the south of the railroad corridor. The Bilinoviches, who purchased their property in

May 1996, own approximately 129 acres to the north and south of the railroad corridor, as it horizontally severs their property near the southern border. The Koontzes, who purchased their property in August 1998, own approximately 64 acres directly to the north of the railroad corridor. In October 2009, Rails-to-Trails purchased the railroad corridor from Pennsylvania Lines, LLC, Norfolk Southern Railway Company, the successor by merger of Consolidated Rail Corporation. Rails-to-Trails is an Ohio non-profit corporation who purchased the railroad corridor for the purpose of converting it into a multi-purpose trail for public use.

{¶3} In February 2011, the Landowners filed a declaratory judgment action and action to quiet title against Rails-to-Trails on the basis of adverse possession. The Landowners sought a declaration that they had adversely possessed the portions of the railroad corridor abutting or dividing their respective properties and a judgment quieting title in each of their favors. They asked the court to issue a judgment to be recorded in the deed records, establishing them as the holders of all rights, title, and interest in the aforementioned properties and respective portions of the railroad corridor, subject to any valid utility easements.

{¶4} Rails-to-Trails answered the Landowners' complaint and filed three counterclaims against them. Specifically, Rails-to-Trails filed claims for trespass, for declaratory judgment, and to quiet title. Rails-to-Trails asked the court to quiet title to the railroad corridor in its favor and issue a judgment to be recorded in the deed records, declaring it "the sole and exclusive owner and possessor of the [railroad corridor]" such that "no other person or entity, including [the Landowners], possesses any interest, ownership, or right" with respect to the property. It also sought monetary damages with regard to its claim for trespass.

{¶5} After discovery commenced, several motions for summary judgment were filed. The Koprivecs filed a motion for summary judgment in their favor on the counts contained in the

complaint as well as on all of Rails-to-Trails' counterclaims. Rails-to-Trails filed a motion for summary judgment on the Landowners' complaint as well as on two of its counterclaims: its claim for declaratory relief and its claim to quiet title. Additionally, the Landowners, including the Koprivecs, filed a motion for summary judgment on Rails-to-Trails' counterclaims. After receiving memorandums in opposition and reply briefs, the trial court issued a written decision. The trial court denied the Koprivecs' separate motion for summary judgment as well as the Landowners' motion for summary judgment. Additionally, the court granted Rails-to-Trails' motion for summary judgment on its counterclaims for declaratory judgment and to quiet title.

{¶6} The Landowners now appeal from the trial court's decision and raise five assignments of error for our review. We consolidate the assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO RAILS ON THE CLAIMS OF THE KOPRIVEC APPELLANTS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO THE KOPRIVEC APPELLANTS ON THEIR CLAIMS.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO RAILS ON ITS COUNTERCLAIMS FOR DECLARATORY RELIEF AND TO QUIET TITLE AS TO ALL APPELLANTS.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO ALL APPELLANTS AS TO ALL OF RAILS' COUNTERCLAIMS.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO RAILS AS TO THE CLAIMS OF THE BILINOVICH APPELLANTS AND KOONTZ APPELLANTS.

{¶7} In their assignments of error, the Landowners argue that the trial court erred by either granting or denying the various motions for summary judgment before it. This Court lacks jurisdiction to consider any of the Landowners' arguments.

{¶8} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court only has jurisdiction to hear appeals from final judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶9} R.C. 2721.02(A) addresses declaratory judgment actions and states, in relevant part, that

> courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

"[I]n the context of a declaratory judgment action, merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal." *Peavy v. Thompson*, 9th Dist. Summit No. 25440, 2011-Ohio-1902, ¶ 10, citing *No-Burn Inc. v. Murati*, 9th Dist. Summit No. 24577, 2009-Ohio-6951, ¶ 11. The court's judgment entry must expressly declare the parties' respective rights and obligations. *Gargasz v. Lorain Cty.*, 9th Dist. Lorain No. 12CA010215, 2013-Ohio-1218, ¶ 6, quoting *Peavy* at ¶ 10. *See also Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332,

¶ 11-12; *Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, ¶ 15-16.

{¶10} In setting forth its counterclaims, Rails-to-Trails asked the court to quiet title to the railroad corridor in its favor and declare it "the sole and exclusive owner and possessor of the [railroad corridor]" such that "no other person or entity, including [the Landowners], possesses any interest, ownership, or right" with respect to the property. Likewise, in its summary judgment motion, it asked the court to quiet title and "issue a declaration that Rails-to-Trails is the true and sole owner of the [railroad corridor], with [the Landowners] having no right or title to any part of the [railroad corridor]." Nevertheless, Rails-to-Trails also asked the court in its summary judgment motion to quiet title in its favor "subject only to recorded licenses and easements of record." It also acknowledged earlier in its motion that "[w]ith this Motion for Summary Judgment, Rails-to-Trails is not attempting to extinguish the ability of [the Koontzes] to cross the [railroad corridor]" at the point where their residential driveway crosses it.

{¶11} In its summary judgment decision, the trial court determined that: (1) the Koprivecs were not entitled to summary judgment on their individual motion because a genuine issue of material fact existed regarding when the 21-year period began for purposes of adverse possession; (2) Rails-to-Trails' deed to the railroad corridor was valid; and (3) Rails-to-Trails was entitled to summary judgment and the Landowners were not because the Landowners could not prove the exclusive use element of adverse possession. The court's decision does not set forth any of the rights and obligations of the parties. Indeed, it fails to make any declarations at all. It merely denies the Koprivecs' motion for summary judgment, denies the Landowners' motion, and grants Rails-to-Trails' motion.

**{¶12}** One cannot discern the breadth of Rails-to-Trails' property rights from the entry. On the one hand, Rails-to-Trails asked to be declared the sole owner and possessor with "no other person or entity, including [the Landowners], possess[ing] any interest, ownership, or right" in the railroad corridor. On the other hand, Rails-to-Trails acknowledged that its property rights would be subject to "recorded licenses and easements of record" and that the Koontzes had to drive across the corridor to access their property. The balance between Rails-to-Trails' right of possession and the Koontzes' right to access their property is not clear from the court's entry. Similarly, the status of the Bilinoviches' rights is unclear, given that the railroad corridor horizontally severs their large property. Although the court's entry granted summary judgment in favor Rails-to-Trails, it did not make, or decline to make, any declarations. *See* R.C. 2721.07.

**{¶13}** Because the court's entry fails to set forth any declarations and does not expressly declare the parties' respective rights and obligations, it is not a final, appealable order. *See Bowers* at ¶ 11-12; *Miller Lakes Community Servs. Assn.* at ¶ 16; *Peavy* at ¶ 10-11.

### III.

**{¶14}** Because there is no final, appealable order in this case, this Court lacks jurisdiction over this appeal. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN K. KELLER, THOMAS H. FUSONIE, and DANIEL S. JONES, Attorneys at Law, for Appellants.

RALPH E. CASCARILLA and BONNIE S. FINLEY, Attorneys at Law, for Appellee.