[Cite as *Pagano v. Heck*, 2017-Ohio-8564.]

STATE OF OHIO        )
)ss:
COUNTY OF SUMMIT     )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

JOHN HECK, et al.

     Appellants

v.

SCOTT PAGANO dba ANY EXCUSE
FOR A PARTY

     Appellee

C.A. No.     28425

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-04-2195

DECISION AND JOURNAL ENTRY

Dated: November 15, 2017

CARR, Presiding Judge.

{¶1}    Appellant, John Heck, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    The instant litigation arises out of a business dispute between Scott Pagano and John Heck, two men who entered into a partnership agreement regarding an entity known as SloMo Booths, LLC ("SloMo"). The nature of the business venture involves designing, manufacturing, and selling slow motion photo booths for the special event industry.

{¶3}    On April 6, 2015, Pagano's business, Any Excuse for a Party, filed a complaint against Heck and SloMo that included a demand for an accounting as well as a claim for money damages. Pagano's central allegation was that Heck, who was responsible for maintaining the accounting books for SloMo, had breached the partnership agreement by failing to provide monthly and quarterly reports to Pagano. Heck filed an answer generally denying the allegations

in the complaint. Significantly, Heck also filed a counterclaim alleging that Pagano had failed to perform a number of his duties under the partnership agreement, including booking trade show appearances and contributing to the design, marketing, and selling of the product. Pagano filed an answer generally denying all of the allegations in the counterclaim.

{¶4} As the litigation unfolded, the parties became entangled in a discovery dispute, a dispute that rests at the center of the instant appeal. Pagano filed an initial request for discovery at the same time he filed the complaint. Thereafter, on January 5, 2016, the trial court approved an agreed protective and confidentiality order. The agreed order set forth guidelines for what would constitute confidential information for the purposes of the litigation and further outlined parameters for how that information would be handled by the parties. Approximately one month later, Pagano filed a motion to compel discovery asserting that Heck had failed to produce an accounting of the business as requested. Pagano attached Heck's deposition in support of the motion to compel and asserted that Heck had acknowledged during his deposition testimony that he was responsible for providing accounting reports to Pagano under the terms of their agreement. The trial court subsequently issued a journal entry granting the motion and ordering Heck to produce all outstanding discovery within 30 days.

{¶5} On February 26, 2016, the trial court issued a journal entry reflecting numerous stipulations by the parties regarding a variety of procedural matters, including several discovery issues as well as the filing of an amended complaint. The sixth subheading referenced the January 5, 2016 protective and confidentially order and purported to supplement the order with respect to several discovery items. One such paragraph stated that the parties agreed that Pagano should not be permitted to "achieve the object of this action for an accounting by seeking to

require defendants to yield such information to [Pagano] without a court's first entering a final judgment declaring [Pagano's] entitlement thereto."

**{¶6}** Pagano filed an amended complaint substituting himself in his individual capacity as plaintiff in place of his company. Heck and SloMo filed an amended answer and counterclaim. Pagano filed an answer to the amended counterclaim generally denying the allegations.

**{¶7}** Thereafter, Heck provided answers to certain discovery requests. At that time, Pagano filed a second motion to compel discovery. On June 21, 2016, the trial court issued a journal entry granting the motion and ordering Heck to "produce all outstanding discovery, including a full accounting, within thirty (30) days of the date of this Entry & Order." Heck initially filed a motion to reconsider the discovery order. In support of the motion to reconsider, Heck argued that they could not provide an accounting of the business during the discovery phase because the issue of whether they had an obligation to do so was an underlying issue in the litigation. In addition to filing a memorandum in opposition to the motion for reconsideration, Pagano filed a motion for sanctions. On August 8, 2016, the trial court issued a journal entry denying the motion for reconsideration and setting a hearing date on the motion for sanctions.

**{¶8}** After the trial court denied the motion for reconsideration, Heck filed a motion to modify the trial court's June 21, 2016 discovery order on the basis that the order was "inconsistent with the terms of [the] stipulated order entered by this court on February 26, 2016[.]" Therein, Heck again posited that it would be improper to require the business to furnish an accounting prior to the trial court determining that issue on the merits. Pagano filed a memorandum in opposition to the motion to modify, arguing that the trial court had already settled the discovery dispute between the parties.

{¶9} On August 25, 2016, the trial court issued a journal entry captained, "Order Modifying June 21, 2016, Order Compelling Discovery Nunc Pro Tunc[,]" wherein the court amended its prior discovery order to remove the language compelling Heck to provide a "full accounting" of the business. The trial court took this action with the aim of being consistent with the prior stipulation of the parties that was reflected in the order issued on February 26, 2016.

{¶10} Heck subsequently filed a motion to strike Pagano's second set of interrogatories on the basis that Pagano failed to secure leave from the trial court to serve such interrogatories in accordance with a local rule.

{¶11} On October 14, 2016, the trial court issued a journal entry noting that Heck had still not complied with the trial court's discovery orders. The trial court then ordered Heck and SloMo "to produce all outstanding discovery, including a full accounting within fourteen (14) days of the date of this Entry & Order. Failure to comply with this Entry & Order may result in sanctions for misconduct in discovery." After the expiration of the 14-day window, Heck retained new counsel. On November 14, 2016, Heck and SloMo filed a notice of appeal.

{¶12} On appeal, Heck raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ORDERING HECK TO PRODUCE CONFIDENTIAL AND PRIVILEGED DISCOVERY.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ORDERING HECK TO PRODUCE AN ACCOUNTING AND DISCOVERY CONSTITUTING A DE FACTO ACCOUNTING WITHOUT A DETERMINATION BY A TRIER OF FACT THAT PAGANO'S CLAIM FOR AN ACCOUNTING WAS MERITORIOUS.

**{¶13}** In his first and second assignments of error, Heck advances multiple arguments in support of the proposition that the trial court erred when it issued the October 14, 2016 discovery order. This Court agrees.

Jurisdiction

**{¶14}** At the outset, we note that this Court is obligated to raise sua sponte questions related to its jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 Ohio App. LEXIS 176, *2 (Jan. 26, 2000). "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 14. Several matters may be appealed on an interlocutory basis pursuant to R.C. 2505.02(B), which states, in part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶15}** On November 22, 2016, this Court issued a magistrate's order noting that it was unclear whether the October 14, 2016 order constituted a final, appealable order under R.C. 2505.02(B)(4). Both parties were provided an opportunity to brief the issue. Upon reviewing the record and the filings in this matter, it is apparent that the appealed order does constitute a final, appealable order. In the complaint, Pagano demanded an accounting of the business and payment of any amount found due. In his answer and counterclaim, Heck maintained that he was not required to provide an accounting of the business because Pagano had failed to fulfill a number of responsibilities under their partnership agreement. The trial court's October 14, 2016 discovery order required Heck to "produce all outstanding discovery, including a full accounting" of the business. Thus, the order effectively determined the primary controversy between the parties set forth in the pleadings. As Heck would be prevented from prevailing on that claim in a later appeal should he be forced to provide a full accounting of the business, the discovery order does, in fact, constitute a final, appealable order under R.C. 2505.02(B)(4).

Discussion

**{¶16}** Heck raises multiple arguments in support of his challenge to the October 14, 2016 discovery order. First and foremost, Heck argues that the discovery order compels the disclosure of privileged information. Heck stresses that the trial court erred by ordering the parties to disclose information that fell within the scope of the parties' agreed protective order. Heck further argues that the discovery order offends notions of due process by forcing Heck to disclose confidential business materials prior to the court ruling on whether Pagano has a right to that information.

{¶17} The trial court erred by prematurely ordering the disclosure of potentially confidential or privileged information without first conducting an in camera inspection of those materials. At the outset of the litigation, the parties disputed whether certain portions of SloMo's business records were confidential, privileged, or beyond the scope of discovery given the nature of the underlying cause of action. The parties eventually entered into an agreed protective order pertaining to confidential materials where it was stipulated that Pagano should not be permitted to "achieve the object of this action for an accounting by seeking to require defendants to yield such information to [Pagano] without a court's first entering a final judgment declaring [Pagano's] entitlement thereto." Given that the parties reached an agreement, the record is lacking evidence regarding whether the documents in question constitute confidential business records. *See generally Gibson-Myers & Assocs., Inc. v. Pearce*, 9th Dist. Summit No. 19358, 1999 Ohio App. LEXIS 5010, *7 (Oct. 27, 1999). The trial court recognized the validity of the parties' agreement prior to issuing the October 14, 2016 discovery order where it inexplicably ordered Heck to "produce all outstanding discovery, including a full accounting[.]" Pagano maintains on appeal that Heck has no basis to challenge the order because he never requested an in camera inspection or submitted a privilege log. In light of the parties' agreement, however, Heck had no reason to request an in camera inspection or submit a privilege log because he had no reason to anticipate that the trial court would order him to turn those materials over during the discovery phase. *See generally Mulkerin v. Cho*, 9th Dist. Medina No. 07CA007-M, 2007-Ohio-6550, ¶ 6-7. Under these circumstances, the trial court erred by ordering Heck to disclose the requested information, including a "full accounting" of the business, without first conducting an in camera review to determine if any of the requested materials were confidential or privileged. *Id*.

**{¶18}** The first and second assignments of error are sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ORDERING HECK TO RESPOND TO THE 2ND ROGS, [SIC] WHICH WERE PROPOUNDED IN CONTRAVENTION OF SUMMIT COUNTY LOCAL RULE 17.01.

**{¶19}** In his third assignment of error, Heck argues that the trial court erred in ordering him to respond to a second set of interrogatories. As our resolution of Heck's first and second assignments of error is dispositive of this appeal, we decline to address the third assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶20}** Heck's first and second assignments of error are sustained. We decline to address the third assignment of error as it has been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOEL A. HOLT, Attorney at Law, for Appellants.

THOMAS C. LOEPP, Attorney at Law, for Appellee.