[Cite as *Dalton v. Massillon*, 2018-Ohio-2104.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

VILLAGE OF DALTON

    Appellee

    v.

CITY OF MASSILLON, OHIO

    Appellant/Cross-Appellee

    and

TED S. AND PENNY S. RENNER

    Appellees/Cross-Appellants

C.A. No.    17AP0010


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2015 CVC-H 000428

DECISION AND JOURNAL ENTRY

Dated: May 29, 2018

---

SCHAFER, Presiding Judge.

**{¶1}** The City of Massillon, Ted S. Renner, Trustee of the Ted S. Renner Trust, and Penny S. Renner, Trustee of the Penny S. Renner Trust, appeal the order of the Wayne County Court of Common Pleas granting summary judgment in favor of the Village of Dalton. This Court dismisses for lack of a final and appealable order.

I.

**{¶2}** This matter arises from a dispute between the City of Massillon and the Village of Dalton as to which party bears responsibility to replace a bridge located on property that is the subject of a lease between Dalton and Massillon entered on October 19, 1998 (the "Lease"). The bridge provides crossing over an abandoned railroad right-of-way to connect the northern and

southern segments of the property presently owned by Ted S. Renner, Trustee, and Penny S. Renner, Trustee, (the "Renners"). The Renners have made demand upon Dalton to repair the bridge. Dalton alleges that the bridge cannot be repaired but must be replaced. Dalton brought this declaratory judgment seeking a determination as to its obligation regarding the replacement of the bridge.

## History of the Property

{¶3} On December 2, 1882, an instrument (the "1882 Deed") recorded in Wayne County conveyed an interest in land from Thomas Reed to the Wheeling and Lake Erie Railroad Company. The 1882 Deed permitted the railroad company to locate a rail line across Mr. Reed's property, provided that the railroad company "put up one crossing" for Mr. Reed to pass and "keep up the crossing[.]" The Renners are the present owners of this property formerly owned by Mr. Reed.

{¶4} The railroad company eventually abandoned the railroad spur and transferred its interest in that property to Massillon by a quitclaim deed dated June 6, 1996 (the "1996 Deed"). By virtue of the 1996 Deed, Massillon assumed responsibility for "restoration, repair, reconstruction and/or rehabilitation of any and all bridges * * *" on the property.

{¶5} In October of 1998, Dalton leased the property from Massillon for a period of 99 years commencing on October 1, 1998, and ending on September 30, 2098, for rent in the amount of $1.00. The Lease states in parts relevant to this action:

> 3. Use of Real Estate The real estate shall be used as a hiking and biking trail and shall be made a part of [Dalton]'s village park and recreational area. Any and all improvements will be made by [Dalton] at no expense to [Massillon.] The operation of the park will be conducted as part of [Dalton]'s Park and Recreational Department.

4. Maintenance [Dalton] shall accept the real estate in its present condition. [Dalton] agrees at its expense to properly maintain the area in a clean, safe and healthy condition.

5. Indemnification of [Massillon]  [Dalton] agrees to save [Massillon] harmless from any and all claims of any kind, resulting from injury to any person or persons, or to property and agrees to promptly defend any actions which may be brought as a result of such injury or damage at [Dalton]'s cost and expense.  In the event [Massillon] is made party to any such action, upon written notice to [Dalton], [Dalton] agrees to take over the defense of and pay or liquidate any judgment resulting from any such action in which [Massillon] is named a party thereto.  [Dalton] shall name [Massillon] as an additional insured on [Dalton]'s liability insurance policy.

In light of the Renner's demand for repair of the bridge, the issues in this matter involve the construction of the Lease, as well as the 1882 and 1996 Deeds, to determine which party or parties bear responsibility for the repair or, potentially, replacement of the bridge.

**Procedural History**

{¶6}   Dalton initiated this action for declaratory judgment against Massillon, and naming the Renners as interested parties.  The complaint alleges that the bridge is in need of replacement, that the Renners have made a demand upon Dalton to replace the bridge, and that Dalton is in doubt as to its construction obligations regarding the bridge.

{¶7}   On July 1, 2016, Massillon moved the court for summary judgment in its favor, requesting that the trial court declare that, under the terms of the Lease, Dalton accepted the property in its present condition, assumed the obligation to maintain the property and pay for improvements, and is now obligated to replace the bridge "to the extent required as a consequence of the failure of maintenance during the term of Dalton's possession."  In the motion, Massillon also requested a declaration that Dalton indemnify Massillon for the "alleged claim of [the] Renners relating to the damage to the bridge in need of replacement."

{¶8} The Renners filed a response and also moved for summary judgment, arguing for a declaration that Massillon and Dalton are obligated to maintain, repair, reconstruct, and replace the bridge. Dalton responded to oppose Massillon's summary judgment motion and also moved for summary judgment in favor of Dalton on July 21, 2016.

{¶9} The trial court issued a decision on October 14, 2016, ruling on the motions for summary judgment and determining that, in the absence of disputes of material fact, Dalton is entitled to summary judgment on its request for declaratory relief. The entry instructed Dalton to prepare and submit a proposed final judgment entry including findings of fact and conclusions of law and declaring with specificity the rights and obligations of the parties. Thereafter, on February 3, 2017, the trial court entered judgment, including findings of fact and conclusions of law, in favor of Dalton and against Massillon, declaring that Massillon bears responsibility for replacing the bridge.

{¶10} Massillon has timely appealed the trial court's entry of judgment raising one assignment of error for this Court's review. Massillon requests that this Court reverse the grant of summary judgment in favor of Dalton on Dalton's motion for summary judgment and instead enter summary judgment in favor of Massillon. The Renners have also appealed the judgment entry raising a single assignment of error for our review. On appeal, the Renners adopted the statement of law and construction of the Lease argued by Massillon, and contend that the trial court erred in holding that Dalton is not responsible for replacement of the bridge. These assignments of error are based on the same arguments of law and request essentially the same relief. On that basis, and for the reasons that follow, we elect to consolidate Massillon's and the Renners' assignments.

II.

**Massillon's Assignment of Error**

**The trial court erred as a matter of law by granting declaratory judgment in favor of the Village of Dalton, failing to find that the long-term lease between Dalton and the City of Massillon shifted the responsibility of maintenance, improvement, and indemnity onto the lessee, the Village of Dalton.**

**The Renners' Assignment of Error**

**The trial court erred as a matter of law by granting declaratory judgment holding the Village of Dalton (lessee) was not responsible to replace a bridge on Renners' real property under the long-term Lease with the City of Massillon.**

{¶11} Massillon and the Renners contend that trial court erred in granting summary judgment in favor of Dalton and granting declaratory judgment based on erroneous findings of fact and conclusions of law. Summary judgment is appropriate under Civ.R. 56(C) where it is determined that:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). In order to prevail on a summary judgment motion, the movant must first be able to point to evidentiary materials that demonstrate there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The movant need not offer affirmative evidence, but must identify those portions of the record supporting its argument. *Id.* If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an

award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶12}** In its judgment entry, the trial court found that "[t]he small bridge at the crossing which spans the creek running parallel to the former railroad line *is said to be in need of replacement * * * [and the] Renners have made demand upon Dalton to replace the bridge.*" (Emphasis added.) The trial court concluded that the 1882 Deed obligated the railroad company to "put up" and to "keep up" the bridge. The 1996 Deed, the trial court concluded, "resulted in the assumption by Massillon of all the * * * obligations under the 1882 Deed" which includes the obligation to keep up the crossing and replace the bridge. The trial court further concluded that the Lease did not transfer the obligation to replace the bridge from Massillon to Dalton.

**{¶13}** Although the parties have not specifically raised this issue on appeal, this Court finds it problematic that the record is not clear on a significant issue of fact concerning whether the bridge actually and presently needs to be replaced. The only suggestion in the record on this point is the affidavit of Dalton's solicitor, Melissa Craemer Smith, who avers that Dalton has been informed that the bridge is no longer repairable and must be replaced. In response to Dalton's proposed findings of fact and conclusions of law, the Renners filed an objection taking issue with Dalton's proposed statement "that the small bridge at the crossing 'is no longer repairable and must be replaced'" in light of the fact that the trial court made no such finding in its decision granting summary judgment.

**{¶14}** The record reflects that the trial judge was aware of this issue prior to granting summary judgment. After the trial court issued its initial decision dated October 14, 2016, to grant summary judgment, the trial judge sent a letter to the parties indicating that the he was "stuck on one point" in attempting to draft a final entry. In the letter, the trial judge noted that in

his decision ruling on the motion for summary judgment he had, in reference to the bridge, used the phrase "apparently needs to be replaced" because it was unclear whether the parties agreed that the bridge needs to be replaced. The letter stated:

> If the parties are not in agreement on this issue, my thought is we need testimony about the bridge. And if it doesn't need to be replaced, maybe the lawsuit is premature.

A telephone conference was scheduled to discuss the matter. However, the record does not reflect that the parties ever stipulated as to a presently existing need to replace the bridge. In the judgment entry, the trial court simply avoided a determination of that issue by stating that the bridge "is said to be in need of replacement." Although it is unclear whether there is an actual dispute as to genuine issues of material fact, this Court observes an absence of a factual basis for the court to adequately determine and declare the obligations of the parties regarding the "replacement" of the bridge.

{¶15} Moreover, although the parties have not addressed the finality of the order they appeal, "'this Court is obligated to raise sua sponte questions related to our jurisdiction.'" *Yeaples v. Precision Directional Boring, LLC*, 9th Dist. Medina No. 16CA0031-M, 2017-Ohio-7792, ¶ 11, quoting *Lexington Ins. Co. v. DunnWell, LLC*, 9th Dist. No. 27476, 2016-Ohio-5311, ¶ 6. This Court must consider the trial court's declaration of rights because "an order entering judgment in a declaratory judgment action which fails to declare the parties' rights and obligations is not final and appealable." *Lexington Ins. Co.*, ¶ 10. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 4; *see* R.C. 2501.02. Therefore, we must consider whether the trial court entered an express declaration as to rights and obligations with respect to the 1882 and 1996 Deeds and the Lease at issue in this dispute.

{¶16} In its complaint for declaratory judgment, Dalton sought a determination as to "the extent of the obligation owed to [the] Renners for the replacement of the bridge which provides access to their property pursuant to the" 1882 Deed and the 1996 Deed. Without an evidentiary foundation for reaching such a conclusion, the trial court determined that the 1882 Deed requires the replacement of the bridge, and that Massillon bears that obligation. While this conclusion purports to make a declaration that Massillon is responsible for replacing the bridge which is "said to be in need of replacement" it fails to determine the extent of the obligation owed to the Renners by Massillon and/or Dalton pursuant to the Lease, for the replacement, repair, and maintenance of said bridge.

{¶17} Dalton sought, in its declaratory judgment action, "a determination as to the extent to which any obligations owed to [the] Renners are allocated between [Dalton and] Massillon pursuant to the [Lease.]" With respect to the Lease, the trial court concluded that a replacement bridge would not be an "improvement" and further determined that neither the requirement in the Lease to "properly maintain the area" nor the "indemnity/hold harmless" clause imposed an obligation on Dalton to replace the bridge. The trial court went on to state that the bridge serves no purpose to Dalton, but instead serves a "third party to [t]he Lease." Then, without actually determining the obligations imposed by the Lease, the trial court postulated:

> Even if [t]he Lease imposed an obligation on [Dalton] to maintain the bridge in question, that obligation would not extend to the replacement of the bridge as there is a difference between "maintenance" and "replacement[.]"

Thus, the trial court failed to make a determination declaring the extent to which any obligations owed to the Renners are allocated between Dalton and Massillon per the Lease.

{¶18} "'[T]o properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations.'" *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 11, quoting *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, at ¶ 15. Because, in this matter "'the trial court fail[ed] to fulfill these requirements, its judgment is not final and appealable.'" *Id.* Accordingly, Massillon's and the Renners' appeals are dismissed.

### III.

{¶19} The trial court's order purporting to grant summary judgment is not a final, appealable order. Therefore, this Court lacks jurisdiction to address the merits of the appeal and cross-appeal.

Appeal and cross-appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to Appellant and Cross-Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

HENSAL, J.
DISSENTS.

{¶20} I respectfully dissent on the basis that I would find that the trial court's judgment entry granting summary judgment in favor of Dalton is a final, appealable order.

APPEARANCES:

GREGORY A. BECK, JAMES F. MATHEWS, and ANDREA K. ZIARKO, Attorneys at Law, for Appellant.

ROBERT J. REYNOLDS, Attorney at Law, for Appellee.

CHARLES A. KENNEDY, Attorney at Law, for Appellees/Cross-Appellants.