GENERAL MOTORS ACCEPTANCE
CORP., APPELLEE, v.
KOLLERT, APPELLANT.

(No. 2163—Decided August 20, 1986.)

*Richard K. Heiser,* for appellee.
*V. Lee Winchell,* for appellant.

QUILLIN, P.J. Appellant, claiming defective mail service, appeals from the denial of his Civ. R. 60 motion to vacate a default judgment. We reverse.

On August, 31, 1984, plaintiff-appellee General Motors Acceptance Corporation ("GMAC") brought an action against defendant-appellant Donald O. Kollert seeking a deficiency judgment after GMAC repossessed and sold an automobile owned by Kollert. The clerk of the trial court attempted service of process by certified mail which was returned unclaimed. GMAC then filed a request with the clerk for ordinary mail service pursuant to Civ. R. 4.6(D) which states:

"(D) Service Unclaimed. If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. *The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk.* Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail." (Emphasis added.)

The clerk sent a letter to GMAC stating that the summons, with a new answer date, had been re-sent by ordinary mail on October 1, 1984. The undated letter was placed in the court file but no filing stamp appears thereon.

On January 18, 1985, GMAC moved for a default judgment which the trial court granted on January 22, 1985. On January 21, 1986, Kollert filed an affidavit and a motion to vacate the default judgment pursuant to Civ. R. 60(B)(1) and (5). Kollert asserted that he had no notice of the suit and that service had not been made upon him. Therefore, he claimed,

the judgment should be vacated. Kollert argued that the letter sent by the clerk to GMAC which stated that the summons was sent by ordinary mail did not satisfy the requirement that a "certificate of mailing" be filed. The trial court overruled the motion to vacate finding that the letter was a "certificate of mailing." Kollert now appeals.

### Assignment of Error

"The trial court abused its discretion in denying the defendant-appellant's Civil Rule 60(B) motion to vacate the default judgment which was previously entered against the defendant-appellant."

Proper service upon a defendant or other party against whom affirmative relief is sought is a prerequisite to a valid default judgment. 63 Ohio Jurisprudence 3d (1985) 102, Judgments, Section 332. The record does not reflect that proper service was made in this case. Civ. R. 4.6(D) requires that the trial court clerk file a "certificate of mailing" to show that the summons was sent by ordinary mail. A "certificate of mailing" contemplates a confirmation of mailing by the United States Postal Service. See Staff Notes to Civ. R. 4.6(D). Kollert's affidavit stated that he did not receive service. A letter filed by the clerk of courts stating that the summons was sent is not sufficient to overcome Kollert's affidavit. Accordingly, the trial court erred by overruling Kollert's motion to vacate because the record does not contain sufficient proof of service. The assignment of error has merit and is sustained.

The judgment is reversed and the default judgment vacated. The cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

BAIRD and GEORGE, JJ., concur.