OPINION
Defendants-appellants Rick and Julie Roar appeal the decision of Jefferson County Court #2 which denied their motion to dismiss the default judgment previously entered against them. For the following reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
 STATEMENT OF FACTS
Plaintiffs-appellees Tracie and Martin Karas filed a small claims complaint against appellants on November 18, 1996. The complaint sought $1,729.25 in damages and unclearly alleged: "Wrote 2 a check to purchase cabinets, twice." On November 20, the clerk sent service of summons with a copy of the complaint by certified mail to appellants' Trumbull County address. The clerk received this material back unclaimed on December 6. On December 18, the case proceeded to trial without the presence of appellants. Default judgment was rendered in favor of appellees, who then began garnishment proceedings.
On September 26, 1997, appellants requested a hearing and mentioned in part that they were never served with the summons or complaint. At the hearing, appellants were represented by an attorney who raised issues of subject matter and personal jurisdiction. The court permitted appellants to file a post-hearing brief which further outlined their arguments and contained appellants' affidavits swearing that service was never obtained. On December 17, 1997, the court overruled appellants motion to dismiss the case. Timely notice of appeal followed. On appeal, appellees failed to file a response brief.
 ASSIGNMENT OF ERROR
Appellants' sole assignment of error provides:
 "THE LOWER COURT ERRED IN FAILING TO VACATE ITS JUDGMENT AND DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION."
Appellants argue that the court lacked personal and subject matter jurisdiction. However, the arguments raised in support of the alleged lack of subject matter jurisdiction all concern venue and personal jurisdiction, not subject matter jurisdiction. See Civ.R. 3 (B), (C) and (G) and Staff Notes thereto. Thus, we shall begin our analysis with the alleged lack of personal jurisdiction.
A default judgment rendered against a party over whom the court lacks personal jurisdiction is void. Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61, 64 (holding that a judgment is null and void where personal jurisdiction is lacking as a result of faulty service of process). The party seeking vacation of a judgment on these grounds need not move pursuant to Civ.R. 60 (B) which deals with voidable judgments, but may rely on the inherent power of the court to vacate a void judgment. Westmoreland v.Valley Homes Mut. Housing Corp. (1975), 42 Ohio St.2d 291, 294. See, also, United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115,123. Thus, appellants motion to dismiss the case was a proper vehicle to raise the issue of lack of personal jurisdiction.
Personal jurisdiction can be obtained through service of process, voluntary appearance or waiver. Maryhew v. Yova (1984)11 Ohio St.3d 154, 156. In the case at bar, there was no waiver, and the sole appearance by appellants was for the purpose of arguing jurisdiction. Thus, the only way the court could have obtained personal jurisdiction over appellants was through proper service of process. Furthermore, Civ.R. 3 (A) provides that a civil action is not commenced unless service is obtained within one year from the filing of the complaint. Lash v. Miller (1977),50 Ohio St.2d 63. Therefore, failure of proper service deprives the trial court of personal jurisdiction and renders any judgment void ab initio. See, e.g., Westmoreland, supra; Pippin v. Hauser
(1996), 111 Ohio App.3d 557; Rite Rug Co. v. Wilson (1995),106 Ohio App.3d 59.
In the present case, service of the summons and complaint was attempted by certified mail. However, this attempt was returned unclaimed. Pursuant to Civ.R. 4.6 (D), if certified mail is returned unclaimed, then the clerk must notify the serving party of the failed attempt. If that party files a written request for ordinary mail service, the clerk shall resend the summons and complaint by ordinary mail. The clerk must file a certificate of mailing to evidence the service. Service is not complete until the fact of mailing is entered on the record. If the mailing is not returned for failure of delivery, then the defendant has twenty-eight days from the date of mailing to file an answer.
This procedure was not followed in the case at bar. There is no evidence in the record that the clerk notified appellees that the attempt to serve by certified mail was returned unclaimed. Likewise, appellees did not file a written request seeking service by ordinary mail. There is also no certificate of mailing to evidence service was attempted by ordinary mail. Additionally, the answer date was not extended.
When these failures were raised to the trial court, the court replied that the clerks made a notation that they served appellants by ordinary mail when the certified mail was returned unclaimed. The court declared that such a procedure was done in the regular course of business of the clerk's office. (Tr. 7) The court also stated, "You're either calling my clerks all liars or the — the letter didn't make it which is unlikely * * *." (Tr. 8).
This scenario does not present a novel issue. For instance, inCompass Transp. Inc. v. Good (May 22, 1995), Mahoning App. No. 93 CA 220, unreported, we affirmed the trial court's decision that service was irregular because the clerk's file did not contain the required certificate of mailing. Id. at 4. We held that the absence of a certificate of mailing is apparent on the face of the record and is fatal to a finding of proper service. Id. Then, in Federal Natl. Mtge. Assoc. v. McIntyre (August 28, 1996), Columbiana App. No. 95 CO 23, unreported, we declared that a certificate of mailing is a confirmation by the United States Postal Service. Id. at 4, citing General Motors Acceptance Corp.v. Kollert (1986), 33 Ohio App.3d 274, 275. "A notation by the clerk of courts will not suffice." Id. Thus, we held that the lack of a certificate of mailing from the Postal Service constitutes failure of service where the defendant files an affidavit claiming he never received service. Id. We then found that judgment void ab initio and remanded the case to the trial court. Id.
As added support, the Staff Notes to Civ.R. 4.6 (D) provide, "The clerk's mailing is evidenced by a Postal Service `Certificate of Mailing'. This certificate protects the clerk by providing objective evidence that the summons and complaint or other document was mailed on a day certain." Thus, in accordance with case law precedent and the plain language of the rule and accompanying commentary, the lack of a certificate of mailing renders the default judgment void for lack of personal jurisdiction.
Moreover, there are additional problems in this case. As aforementioned, appellees did not file a written request for ordinary mail service as mandated in Civ.R. 4.6 (D). The Staff Notes further specify that the clerk does not automatically start the ordinary mail service procedure but follows the general notification procedure which allows the plaintiff to choose the next move, whether it be to file a request for ordinary mail service or not.
Additionally, the trial was prematurely held on December 28. As previously stated, the clerk received the unclaimed certified mailing on December 6. Even if appellees had requested ordinary mail service and the clerk had complied, the clerk failed to reset the hearing pursuant to Civ.R. 4.6 (D), which permits an answer date of twenty-eight days after the date of service by ordinary mail. There could be no default where trial was held before the expiration of the answer time. Clearly, the proper time frames were ignored.
Since there was a failure of service of process in multiple ways, the court lacked personal jurisdiction over appellants. See, e.g., State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182; Westmoreland, supra.
For the foregoing reasons, the default judgment is void. SeeId. We are compelled to note that it appears that venue may also be lacking. However, because judgment was rendered by default, this court lacks a record upon which the issue of venue could be determined. Thus, if personal jurisdiction is obtained over appellants, after remand, then they may raise venue through a proper motion. This case is reversed and remanded to the trial court for further proceedings consistent with this opinion and according to law.
Cox, P.J. Waite, J., concurs
APPROVED:
 ___________________________ JOSEPH J. VUKOVICH, JUDGE