DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jamie Craven, appeals the judgment of the Summit County Court of Common Pleas, which denied her motion to vacate a default judgment. This Court affirms.
 I. {¶ 2} On September 30, 2002, Appellee, Duane Bowers, filed a personal injury complaint against Craven. Summons and a copy of the complaint were sent by certified mail to Craven on October 1, 2002, at 1898 Lancaster Street, Cuyahoga Falls, Ohio 44221. The docket includes a notice of service failure, indicating that service failed because the forwarding order had expired for Craven at that address. Bowers' counsel then instructed the clerk to serve Craven by certified mail at 664 Flora Avenue, Akron, Ohio 44314. Summons and a copy of the complaint were sent by certified mail to that address on November 26, 2002. The docket includes a notice of service failure, indicating that the second attempt at service failed because the letter was unclaimed. Bowers' counsel then instructed the clerk to serve Craven at the Flora *Page 2 
Avenue address by regular mail. The clerk's office noted in the docket that summons and a copy of the complaint were sent by regular mail to Craven on December 27, 2002.
 {¶ 3} On April 17, 2003, the trial court issued an order directing Bowers to file a motion for default judgment within 14 days because service had been made on Craven more than 28 days prior to that order. On May 14, 2003, Bowers filed a motion for default judgment. He filed an amended motion for default judgment on May 16, 2003, including Craven's Flora Avenue address in the caption. Bowers requested a hearing on damages, and the trial court issued an order directing the clerk to send notice of the hearing. Notice was sent to Craven at the Flora Avenue address by certified mail on May 28, 2003, regarding the June 12, 2003 hearing. The trial court held the damages hearing as scheduled. Craven did not appear. On June 14, 2003, the trial court entered judgment in favor of Bowers and against Craven in the amount of $100,000.00, plus interest and costs.
 {¶ 4} Nearly four-and-a-half years later, on December 7, 2007, Craven filed a motion to vacate the default judgment. She argued that the trial court did not have personal jurisdiction over her because service of process had not been effected properly. The record contains only the first 5 pages of Craven's motion, at which point she was discussing Bowers' direction to the clerk after service on Craven at the Lancaster Street address had failed. Craven referenced 2 exhibits attached to her motion, including her affidavit. However, there are no exhibits in the record.[1] On December 18, 2007, Bowers filed a response in opposition to the motion to vacate. The trial court scheduled a hearing on the motion to vacate on April 4, 2008. *Page 3 
 {¶ 5} After two continuances, the trial court held a hearing on Craven's motion to vacate the default judgment on August 20, 2008. On August 21, 2008, the trial court issued an order denying the motion. Craven filed a timely appeal, raising one assignment of error for review.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT."
 {¶ 6} Craven argues that the trial court abused its discretion by denying her motion to vacate the default judgment. This Court disagrees.
 {¶ 7} The trial court's ruling on a motion to vacate a default judgment, like other motions for relief from judgment pursuant to Civ. R. 60(B), is reviewed for an abuse of discretion. Chuck Oeder, Inc. v.Bower, 9th Dist. No. 23785, 2007-Ohio-7032, at ¶ 4. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Craven argues that the trial court abused its discretion by failing to vacate the default judgment because the trial court lacked personal jurisdiction over her due to ineffective service. Specifically, she argues that service was not effected properly pursuant to Civ. R. 4.6(D) because the record contains no confirmation by the United States Postal Service that summons and a copy of the complaint were sent by regular mail. Civ. R. 4.6(D) states: *Page 4 
 "If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."
 {¶ 9} Craven relies on this Court's prior decision in Gen. MotorsAcceptance Corp. v. Kollert (1986), 33 Ohio App.3d 274, in support of her argument that service was defective for lack of confirmation of mailing by the United States Postal Service. In Kollert, we relied on the then-current Staff Notes to Civ. R. 4.6(D) in holding that "[a] `certificate of mailing' contemplates a confirmation of mailing by the United States Postal Service." Id. at 275. More recently, in Talarek v.Miles (July 23, 1997), 9th Dist. No. 96CA006567, this Court examined the plain language of Civ. R. 4.6(D), rather than place undue reliance on the Staff Notes. With respect to service by ordinary mail, the plain language of Civ. R. 4.6(D) requires the clerk to evidence regular mail service by a certificate of mailing, completed and filed by the clerk. The rule further provides that service shall be deemed complete when the fact of mailing is entered of record. We recognized the insufficiency of service in the Kollert case, but stated: "Implicit in that decision was the absence of any `fact of mailing *** entered of record' as required by Civ. R. 4.6(D)." Talarek, supra. Although no certificate of mailing had been filed in the Talarek case, this Court emphasized that Civ. R. 4.6(D) provides that service is deemed complete "when the fact of mailing is entered of record," and that, because the trial court speaks only through its *Page 5 
journal, "[t]he fact of mailing is determined from the record, not through certificates and letters that are not journalized." (Emphasis in original.) Talarek, supra. We concluded that, because "the fact of mailing was entered into the record, and the ordinary mail envelope was not returned to the court *** the presumption of completed service attached." Id.
 {¶ 10} In this case, the mailing was evidenced by a certificate of mailing, completed by the clerk, stamped on Bowers' request for service by regular mail, which is time-stamped and docketed, by the following: "DATE DEC 27 2002 SUMMONS ISSUED WITH 1 COPIES OF COMPLAINT BY REGULAR MAIL." The fact of mailing was then separately entered of record on December 27, 2002. Specifically, the clerk's transcript of docket entries includes an entry indicating that summons was issued with a copy of the complaint to Craven by regular mail on December 27, 2002. The regular mail envelope was not returned to the court. Accordingly, Bowers "complied with Civ. R. 4.6 in his efforts to serve [Craven], and the presumption of completed service attached." See Talarek.
 {¶ 11} In Talarek, we further recognized that "[e]ven when service is in compliance with the Civil Rules, and therefore presumed to be complete, this presumption is rebuttable by sufficient evidence that service was not accomplished." Id., citing Rafalski, v. Oates (1984),17 Ohio App.3d 65, 66. This Court has already noted that the trial court's denial of the motion to vacate will only be reversed for an abuse of discretion. Bower at ¶ 4. "Abuse of discretion will not be presumed, but must appear from the record." Wyant v. Russell (1923), 109 Ohio St. 167, at syllabus.
 {¶ 12} In this case, the record contains only an incomplete copy of Craven's motion to vacate the default judgment, terminating in the middle of her argument, and containing no appendix of exhibits. Therefore, Craven's affidavit regarding service is not in the record for this *Page 6 
Court's review. In addition, Craven failed to request a transcript of the August 20, 2008 motion hearing.
 {¶ 13} An appellant is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Specifically, it is an appellant's duty to transmit the transcript of proceedings. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 14} Because a review of the evidence, for example Craven's affidavit or the transcript of the motion hearing, is necessary for a determination of Craven's assignment of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See Knapp, 61 Ohio St.2d at 199. Craven's sole assignment of error is overruled.
 III. {¶ 15} Craven's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. BELFANCE, J. CONCUR
[1] The record consists of a certified transcript of docket entries and photocopies, rather than originals, of documents filed in the trial court. It is unknown whether Craven's original motion to vacate the default judgment was complete and contained attachments when she filed it with the clerk. *Page 1