[Cite as *Smith v. White*, 2024-Ohio-737.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| LOUISE SMITH, ET AL., | : | |
| Plaintiffs-Appellees, | : | No. 112896 |
| v. | : | |
| RONALD WHITE, ET AL., | : | |
| Defendants-Appellants. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 29, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-963046

---

### *Appearances:*

N.P. Weiss Law, Nicholas P. Weiss, and Kelly A. Rochotte,
*for appellees*.

Michael Westerhaus, *for appellant*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Laron White ("Laron"), appeals an order from the Cuyahoga County Court of Common Pleas denying his motion for relief from default judgment. He claims the following error:

> The trial court erred by failing to grant appellant's motion for relief from judgment.

For the reasons that follow, we vacate the default judgment and remand the case to the trial court for a hearing to determine if Laron was properly served by the special process server.

## I. Facts and Procedural History

{¶ 2} Plaintiffs-appellees, Maequay McKinley ("McKinley") and Louise Smith ("Smith") (collectively "plaintiffs"), are sisters. For over 20 years, they were the co-owners and landlords of a residential property on East 93rd Street in Cleveland ("Property 1"). In 2018, plaintiffs decided to sell the property, and Laron's father, defendant Ronald White ("Ronald"), expressed a desire to purchase the property for $20,000. According to the complaint, plaintiffs believed the property was worth more than $20,000, and no purchase agreement was ever drafted. Ronald nevertheless induced McKinley, who is legally blind and suffers from dementia, to sign a general warranty deed transferring the property to Laron. The complaint further alleges that Ronald also fraudulently induced Smith to sign the document. Thereafter, Dannetta Darden ("Darden"), a notary public, notarized plaintiffs' signatures even though she had never met either of the plaintiffs.

{¶ 3} Before the general warranty deed was filed, Ronald informed the tenant of Property 1 that he was the new landlord. He began collecting the rent and not disbursing it to plaintiffs. When plaintiffs demanded that Ronald disburse the rents, he claimed he is the sole owner of the property and that he owes them nothing.

{¶ 4} Plaintiffs also allege that Ronald and his associate, Stanley Jones ("Jones"), attempted to steal McKinley's residence, located at 939 Chelston Road in

South Euclid, Ohio ("Property 2"). According to the complaint, Ronald and Jones came to McKinley's Chelston Road home and asserted that they were the rightful owners of it. McKinley objected, but Ronald and Jones changed the locks on the house to keep McKinley out. Smith called the police on McKinley's behalf, and plaintiffs had the locks changed back, but Ronald and Jones again sabotaged the locks on Property 2. Fearful of Ronald and Jones, McKinley moved out of Property 2 and now lives with Smith.

{¶ 5} Plaintiffs filed a complaint against Laron and the other defendants, alleging that the defendants defrauded them, stole Property 1, and attempted to steal Property 2. Plaintiffs voluntarily dismissed the complaint when it became clear that McKinley was not of sound mind, required guardianship, and could not participate in the proceedings. After a guardianship was obtained, plaintiffs refiled the complaint against Laron and the other defendants, seeking a declaratory judgment, declaring that Property 1 belongs to plaintiffs, and to quiet title to Property 1. The complaint also asserted claims for fraud, breach of contract, unjust enrichment, notary fraud, conspiracy, trespass, conversion, and a claim to quiet title to Property 2.

{¶ 6} In May 2022, plaintiffs attempted to serve Laron via certified mail at an address on Strathavon Road in Shaker Heights, but service was returned as "refused." Plaintiffs again attempted to serve Laron by certified mail at the Strathavon Road address on June 13, 2022, but the docket indicates that service was not returned after 60 days. In the meanwhile, on June 16, 2022, and July 11, 2022,

plaintiffs again attempted to serve Laron at the Strathavon address by regular mail, but services was returned as "unclaimed" and "undeliverable." Finally, plaintiffs attempted to serve Laron via a special process server at a residence located on Argonne Road in South Euclid, Ohio, on July 20, 2022. A docket entry dated August 10, 2022, indicates that a special process server served Laron with the summons and complaint at the Argonne Road address.

{¶ 7} Counsel for Ronald filed a motion to strike service on Laron, and the court granted the motion as unopposed on January 8, 2023. However, the court reconsidered its prior order and, in a journal entry dated February 3, 2023, the court reinstated service on Laron on grounds that Ronald's attorney did not represent Laron and, therefore, could not file a motion to strike service on his behalf.

{¶ 8} On February 1, 2023, six months after service was originally perfected on Laron and two days before the court reinstated service on Laron, the trial court, sua sponte, scheduled a default hearing for February 23, 2023. (*See* Feb. 1, 2023 journal entry.) On February 2, 2023, plaintiffs filed a motion for default. Ronald's attorney, who filed a timely answer to the complaint on Ronald's behalf, would have received electronic notices of these filings because he was counsel of record. And, one week before the default hearing, Ronald, through counsel, filed a motion to reconsider the denial of his request to strike service on Laron, and the court denied the motion. On February 20, 2023, Ronald's lawyer filed a notice of appearance on behalf of Laron and filed another motion to strike service, but the motion to strike was again denied. (*See* Feb. 22, 2023 journal entry.)

{¶ 9} Plaintiffs issued electronic notice of the default hearing to defense counsel through the court's electronic docket on February 22, 2023, the day before the scheduled default hearing. As an attorney of record, Ronald's attorney would have received notice of the default hearing on February 1, 2023, when it was scheduled on the court's docket. Nevertheless, neither Laron, Ronald, nor their attorney appeared for the default hearing. By judgment entry dated March 1, 2023, the trial court granted plaintiffs' motion for default judgment against Laron as unopposed, but it did not identify the relief granted. In a supplemental judgment entry, the court voided the deed transferring title of Property 1 to Laron, but no other relief was granted. (Mar. 1, 2023 journal entry.) After obtaining the default judgment, plaintiffs voluntarily dismissed defendants Ronald and Darden without prejudice on March 22, 2023, leaving no pending claims.

{¶ 10} Laron did not appeal the default judgment. Instead, he filed a Civ.R. 60(B) motion for relief from judgment two months after the default judgment was granted, arguing the trial court lacked personal jurisdiction to render judgment against him because he was never served with the complaint, that he did not receive seven days advance notice of the default hearing, and that the complaint failed to allege facts stating a claim against Laron on which relief could be granted. Plaintiffs opposed the motion, arguing that Laron was properly served with the complaint and that he had notice of the default hearing. The trial court denied the motion for relief from judgment. Laron now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 11} In the sole assignment of error, Laron argues the trial court erred in denying his motion for relief from judgment. He argues the court should have granted his motion for relief from judgment because (1) the trial court lacked personal jurisdiction over him because he was never served with the complaint, (2) the court did not provide Laron with a seven-day notice of the default hearing, (3) the court granted the default judgment without a factual basis for doing so, (4) the court granted relief not requested in the complaint, (5) the complaint fails to state a claim upon which relief could be granted, and (6) the court improperly attempted to void a properly recorded deed.

{¶ 12} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec. Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 13} However, a party cannot use Civ.R. 60(B) relief as a substitute for a timely appeal. *Kolick & Kondzer v. Baumanis*, 8th Dist. Cuyahoga No. 93679, 2010-Ohio-2354, ¶ 23; *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). In *Blasco*, the Ohio Supreme Court held that where the movant's "contentions

merely challenge the correctness of the court's decision on the merits and could have been raised on appeal," they may not be asserted in a motion for relief from judgment. *Id.* Relief sought pursuant to Civ.R. 60(B), on the other hand, may only be provided if the movant demonstrates he or she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), which allow relief for reasons other than challenging the propriety of the court's judgment. *GTE Automatic Elec.*, at paragraph two of the syllabus.

{¶ 14} The court granted the default judgment on March 1, 2023, and plaintiffs voluntarily dismissed the remaining claims against the remaining defendants on March 22, 2023. Nevertheless, Laron did not file a timely appeal from the default judgment. Instead, he filed a motion for relief from judgment pursuant to Civ.R. 60(B). Therefore, Laron was barred from presenting any arguments in the motion for relief from judgment that could have been made in a direct appeal, including his claims that the court granted relief not requested in the complaint, the complaint fails to state a claim against Laron upon which relief could be granted, and that the court improperly voided a properly recorded deed.

{¶ 15} Laron's argument concerning personal jurisdiction differs from his other arguments because it challenges the court's authority to render judgment against him. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984) (A court must have personal jurisdiction over the defendant in order to render a valid judgment against him.). A judgment rendered without personal jurisdiction over the defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988),

paragraph three of the syllabus. Although Laron sought to vacate the default judgment pursuant to Civ.R. 60(B), "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Id.* at paragraph four of the syllabus. Therefore, a defendant is entitled to have a default judgment vacated if the court rendered the default judgment in the absence of service on the defendant. *Broadvox, L.L.C. v. Oreste*, 8th Dist. Cuyahoga No. 92064, 2009-Ohio-3466, ¶ 12. We must, therefore, determine whether the court had personal jurisdiction over Laron.

{¶ 16} A court acquires personal jurisdiction over the defendant "'by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.'" *Maryhew* at 156. Unlike subject-matter jurisdiction, which involves the court's power to hear a case and can never be waived, personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission to the court's jurisdiction. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10; *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96, 463 N.E.2d 398 (10th Dist.1983), paragraphs one and two of the syllabus.

{¶ 17} Whether the trial court had personal jurisdiction over the defendant is a question of law subject to de novo review. *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9. In a de novo review, we review the merits of

the case independently, without any deference to the trial court. *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, ¶ 21.

{¶ 18} Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper. *Belovich v. Crowley*, 8th Dist. Cuyahoga No. 109523, 2021-Ohio-2039, ¶ 31. However, the presumption of proper service can be rebutted if the defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished. *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390 and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

{¶ 19} Civ.R. 4.1 governs the methods of service, including certified mail, personal service, and residence service. Plaintiffs attempted to serve Laron by certified mail and regular mail as provided in Civ.R. 4.1 and 4.6, but the certified mail was refused and the regular mail was unclaimed. With leave of court, plaintiffs employed a special process servicer to serve Laron at the Argonne Road address in South Euclid, Ohio on July 20, 2022, as provided in Civ.R. 4.1(B)(2)(a).

{¶ 20} Civ.R. 4.1(B)(2) outlines the procedure for personal service and states, in relevant part:

> The person serving process shall locate the person to be served and shall tender a copy of the process and accompanying documents to the person to be served. When the copy of the process has been served, the person serving process shall endorse that fact on the process and return it to the clerk, who shall make the appropriate entry on the appearance docket.

Civ.R. 4.1(B)(2)(a). A journal entry, dated August 10, 2022, states, "I served the within named White/Laron by serving a true and certified copy thereof with all the endorsements thereon. S.P.S."

{¶ 21} The August 10, 2022 journal entry from the special process servicer suggests the process server delivered the summons and complaint to Laron himself. However, Laron filed two affidavits in support of his motion for relief from judgment, attempting to rebut the presumption of service. In the first affidavit, filed on May 10, 2023, and marked as Affidavit-Exhibit A, the affiant, Melaum Valentine ("Valentine"), states that she was served with legal papers intended for Laron at her residence on Argonne Road in South Euclid, Ohio. She further avers that she attempted to return the papers but she does not know if she was successful. She, therefore, concludes that "to the best of her knowledge, Laron White was not served with the papers she received."

{¶ 22} In the second affidavit, marked as Affidavit-Exhibit B, Laron, himself, avers that he never received a copy of the complaint and has never seen a copy of the complaint. He further avers that he does not live on Argonne Road in South Euclid.

{¶ 23} "'[A] party's self-serving statement that he did not receive service is generally insufficient to rebut the presumption of service.'" *Foster v. Benson*, 8th Dist. Cuyahoga No. 107366, 2019-Ohio-1528, ¶ 30, quoting *Castanias v. Castanias*, 12th Dist. Warren No. CA2009-11-152, 2010-Ohio-4300, ¶ 11. *See also Kent State Univ. v. Manley*, 2022-Ohio-4512, 204 N.E.3d 115, ¶ 22 (8th Dist.); *Alcorso v.*

*Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 29 (same). Therefore, Laron's self-serving affidavit is not sufficient to rebut the presumption of service.

{¶ 24} Valentine, however, is not a party to the case, and we have no way to assess her credibility from the face of an affidavit. Although the August 10, 2022 journal entry suggests that the special process server "served" Laron at the Argonne Road address in South Euclid, it is not clear whether the word "served" means the process server delivered the summons and complaint to Laron, himself, or whether the process server delivered it to what he or she believed to be his address. In *In re Alexander-Segar*, 2d Dist. Montgomery No. 22080, 2008-Ohio-1580, the court held that personal service at the intended-recipient's address was insufficient where it was later established that the intended-recipient had moved from the address one month prior to the attempted service.

{¶ 25} Plaintiffs argue the "return on service writ" ("writ") indicates that Valentine was the named individual served. According to plaintiffs, the writ "explicitly states that Ms. Valentine is the co-resident of Appellant's home." Therefore, plaintiffs argue, the process server's writ "is the exact contradictory evidence necessary to quash the Appellant's Affidavit denying service." (Appellees' brief p. 12.)

{¶ 26} Valentine's affidavit is suspicious given the history of this case. However, "service requirements are rooted in a defending party's constitutional due process right to notice and an opportunity to be heard." *In re Alexander-Segar* at ¶ 13. Without additional information, it is impossible to assess the credibility of

Valentine's affidavit vis-à-vis the special process server's return service of writ. We are, therefore, constrained to find that the trial court erred in denying Laron's motion for relief from judgment without holding a hearing to assess the credibility of these competing statements.

{¶ 27} The sole assignment of error is sustained. The default judgment is hereby vacated, and the case is remanded to the trial court to hold a hearing to determine if personal service was perfected on Laron.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR