[Cite as *Lofty Holding 656 E. 126th St., L.L.C. v. 656 E. 126th, Ltd.*, 2026-Ohio-1200.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LOFTY HOLDING 656 EAST 126TH
ST LLC,                                          :

       Plaintiff-Appellee,            :

                               No. 115529

       v.                                    :

656 EAST 126TH LTD, ET AL.,               :

       Defendants-Appellants.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-987080

---

### *Appearances:*

Armand DiNardo, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant Armand DiNardo ("DiNardo"), pro se, appeals the trial court's order granting default judgment in favor of plaintiff-appellee Lofty Holding 656 East 126th ST LLC ("Lofty"). He raises the following single assignment of error for review:

> The trial court committed reversible error in failing to vacate its judgment and dismiss [Lofty's] complaint for lack of personal jurisdiction[.]

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} In October 2023, Lofty filed a complaint against DiNardo and 656 East 126th Ltd (collectively "defendants"). According to Lofty, it purchased real estate from 656 East 126th Ltd on March 10, 2022 for $74,280. Following the transfer of the property to Lofty, Lofty discovered that 656 East 126th Ltd failed to remedy an existing lead hazard prior to transferring the property. Lofty alleges that 656 East 126th Ltd and DiNardo, as member, manager, and principal of 656 East 126th Ltd, had actual knowledge of the lead hazard prior to executing the purchase agreement. Lofty further alleges that, as a result of defendants' breach, it suffered damages in excess of $25,000, including costs for lead abatement, loss of rental income, and attorney fees. Lofty set forth the following four counts in its complaint: Count One — breach of contract against 656 East 126th Ltd; Count Two — fraudulent misrepresentation against DiNardo and 656 East 126th Ltd; Count Three — declaratory relief; Count Four — corporate veil piercing against DiNardo and 656 East 126th Ltd.[1]

{¶ 4} Following the filing of its complaint, Lofty attempted service on DiNardo several times, including certified mail in October 2023 that was returned unclaimed; ordinary mail in November 2023; certified mail in November 2023 that was returned as "vacant"; service by sheriff in December 2023, which was

---

[1] We note that 656 East 126th Ltd is not a party to this appeal, and as of the date of this opinion, has not filed a notice of appeal. Our discussion herein focuses solely on DiNardo.

unsuccessful. On December 29, 2023, a case-management conference was held where the court noted that service has not yet been perfected on DiNardo and provided Lofty with additional time to perfect service. In January 2024, Lofty attempted service by certified mail on DiNardo at three additional addresses. These attempts were returned as either "not deliverable" or "attempted not known." Then, Lofty made another service attempt by certified mail on DiNardo in March 2024 to 450 Kenwood Drive, Apt. B in Euclid, Ohio that was returned as "unclaimed." Also in March 2024, the court held another case-management conference where it again noted that that service has not yet been perfected on DiNardo and provided Lofty with additional time to perfect service. The court further noted that Lofty "shall perfect service, or show good cause in writing why service could not be perfected, by 04/23/2024, or this case shall be dismissed, without prejudice, pursuant to Civ.R. 4(E)." (Journal entry, Mar. 22, 2024.)

{¶ 5} Following this case-management conference, Lofty requested service by ordinary mail to the 450 Kenwood Drive address in Euclid on April 2, 2024. Summons was issued on April 3, 2024 and indicates an answer date of April 30, 2024. The docket entry states:

> 04/03/2024 D2 SR SUMS COMPLAINT (53459336) SENT BY
>
> REGULAR MAIL SERVICE. TO: ARMAND DINARDO 450 KENWOOD DRIVE, APT B EUCLID, OH 44123-0000 ANSWER DATE: 04/30/2024

{¶ 6} DiNardo never filed a response. Then on June 17, 2024, Lofty filed a motion for default judgment. According to Lofty, it was entitled to default judgment

because DiNardo failed to answer or otherwise respond to its complaint within 28 days of service — by April 30, 2024. Lofty requested judgment in the amount of $97,710. Eight days later, on June 25, 2024, a notice of limited appearance on behalf of the defendants was filed for the limited purpose to contest jurisdictional issues as it pertains to the defendants.[2] DiNardo's counsel also filed a motion for a ten-day extension to respond to Lofty's default-judgment motion. The trial court granted the motion and gave DiNardo until July 5, 2024 to respond.

{¶ 7} On July 5, DiNardo responded to Lofty's motion for default judgment. DiNardo argued that he was not lawfully served because he never resided or conducted business at the Kenwood address. Additionally, he contended that he has not owned that property since 2019 because the Kenwood property was foreclosed upon and sold at the sheriff's sale in July 2019. Lofty filed a reply, contending that it properly served DiNardo and the allegations in his opposition are false. The court denied Lofty's motion for default judgment, and the matter was set for a case-management conference in August 2024. At that time, the court noted that "all parties appeared through counsel. A review of the docket reflects that all defendants have been served pursuant to the Ohio Rules of Civil Procedure." (Journal entry, Aug. 30, 2024.) Afterwards, a slew of motions were filed by both parties, including a renewed motion for default judgment by Lofty and a motion for clarification by DiNardo. The court then set a hearing for January 14, 2025, where DiNardo "should

---

[2] Counsel amended this notice on July 5, 2024, clarifying that the notice of appearance is limited to DiNardo only.

expect to present evidence and witness(es) regarding [DiNardo's] assertion that [Lofty] has failed to serve [DiNardo] with the complaint." (Journal entry, Dec. 9, 2024.) It is unclear from the docket if the hearing proceeded on January 14, 2025, and DiNardo did not file a transcript of this proceeding. From what we can discern, the trial court issued the following journal entry regarding service:

> This court has now before it [DiNardo's] motion for clarification as to how this court determined service was perfected on [DiNardo] in its entry of 08/30/24. The docket already speaks with clarity as to service upon [DiNardo]. [DiNardo's] motion is not the appropriate means to address [his] alleged continued denial of service.
>
> This court grants leave to [DiNardo] to file [his] answer, response or otherwise plead within 14 days of this entry. [Lofty's] motion for default, filed 10-28-24, is held in abeyance until the 14-day answer period expires. Should [DiNardo's] fail to file an answer, response or otherwise plead, this court will proceed upon[Lofty's] motion for default.

(Journal entry, Feb. 4, 2025.)

{¶ 8} Following this entry, DiNardo's counsel filed a motion to withdraw, which the court granted. DiNardo filed a pro se motion for extension to retain counsel or file an answer to Lofty's complaint, which the court granted until March 19, 2025. DiNardo did not file an answer or notice of appearance by March 19. On March 21, 2025, the trial court granted Lofty's motion for default judgment, in part, as to liability and set the matter for a hearing on damages on April 30, 2025. In response, DiNardo filed a pro se common law motion to vacate void judgment and dismiss for lack of personal jurisdiction arguing that service was never perfected, which Lofty opposed.

**{¶ 9}** At the onset of the damages hearing, the court, out of an abundance of caution, "and in light of the Ohio Court of Appeals for the Eighth District's decision in [*Smith*] *v. White*, 2024-Ohio-737 . . . set th[e] matter for a further hearing on the question of service on [DiNardo] as an individual."[3] (Tr. 6.) The court issued a journal entry advising the parties that a hearing was set on May 29, 2025 "on the issue of perfection of service upon [DiNardo]. Parties should expect to present evidence of same at the hearing. Hearing on damages on [Lofty's] motion for default against [DiNardo] is held in abeyance until further notice by this court." (Journal entry, May 2, 2025.)

**{¶ 10}** This hearing was continued until June 2025, at which time DiNardo failed to appear or otherwise notify the court of his absence. The court found that, pursuant to *White*, Lofty perfected service upon DiNardo. The court denied DiNardo's common law motion to vacate void judgment and dismiss for lack of personal jurisdiction and set a hearing for damages in July 2025. DiNardo did not appear at the damages hearing. Following the conclusion of this hearing, the court granted judgment in favor of Lofty and against DiNardo in the amount of $68,529.50.

---

[3] In *White*, there were competing statements as to whether service was perfected on the defendant, and without additional information, it was impossible to assess the credibility of the competing affidavits between the defendant and a nonparty witness. As a result, we vacated the default judgment rendered against the defendant and remanded the matter for "a hearing to determine if personal service was perfected" on the defendant. *Id*. at ¶ 27.

{¶ 11} It is from this order that DiNardo appeals, raising one assignment of error for review.[4]

## II. Law and Analysis

{¶ 12} DiNardo argues the trial court erred in failing to vacate the default judgment and dismiss Lofty's complaint for lack of personal jurisdiction because service by ordinary mail was improper. DiNardo's argument concerns personal jurisdiction and challenges the court's authority to render judgment against him. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984) ("[I]n order to render a valid personal judgment, a court must have personal jurisdiction over the defendant."). And while DiNardo sought to vacate the default judgment pursuant to Civ.R. 60(B), we note that "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Id.*, at paragraph four of the syllabus, citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61 (1956), paragraph one of the syllabus, and *Westmoreland v. Valley Homes Mut. Hous. Corp.*, 42 Ohio St. 2d 291, 294 (1975). Indeed, "[a] judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*." (Emphasis in original.) *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus. Therefore, a defendant is entitled to have default judgment vacated if the trial court rendered default in the absence of service on the defendant. *Broadvox,*

---

[4] We note that the original appeal, No. 115458, was dismissed for lack of a final appealable order because attached to the trial court's entry granting default judgment was a "proposed order" as to the damages, which is not a final determination. DiNardo then filed the instant appeal after the trial court issued a corrected judgment entry.

*L.L.C. v. Oreste*, 2009-Ohio-3466, ¶ 12 (8th Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), syllabus. As a result, we must determine whether the trial court had personal jurisdiction over DiNardo.

{¶ 13} A court acquires personal jurisdiction over the defendant "either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew* at 156. Personal jurisdiction is waivable by the defendant's voluntary submission to the court's jurisdiction. *State v. Mbodji*, 2011-Ohio-2880, ¶ 10, citing *State v. Holbert*, 38 Ohio St.2d 113 (1974).

{¶ 14} Whether the trial court has personal jurisdiction over a defendant is a question of law subject to de novo review. *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551, ¶ 27. "In a de novo review, we review the merits of the case independently, without any deference to the trial court." *White*, 2024-Ohio-737 at ¶ 17, citing *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 2021-Ohio-2592, ¶ 21 (8th Dist.).

{¶ 15} "'There is a rebuttable presumption of proper service when the civil rules governing service are followed.'" *Belovich v. Crowley*, 2021-Ohio-2039, ¶ 31 (8th Dist.), quoting *Roscoe v. Delfraino*, 2019-Ohio-5253, ¶ 25 (7th Dist.), citing *Draghin v. Issa*, 2013-Ohio-1898, ¶ 10 (8th Dist.); *see Grant v. Ivy*, 69 Ohio App.2d 40, 42 (10th Dist. 1980) (Ordinary mail service following unclaimed certified mail service is sufficient to vest jurisdiction in the trial court under Civ. R. 4.6(D).); *Koziol*

*v. Refe*, 1993 Ohio App. LEXIS 5925, *8 (11th Dist. Dec. 10, 1993). "[T]he ordinary mail service following an unsuccessful attempt at certified mail service must have been sent to the address of the defendant or at least to an address where there is a reasonable expectation that it will be delivered to the defendant." *Grant* at 42. We recognize that the presumption of proper service can be rebutted if the defendant presents sufficient "evidentiary-quality information demonstrating" that service was not accomplished. *McWilliams v. Schumacher*, 2013-Ohio-29, ¶ 51 (8th Dist.), citing *Thompson v. Bayer*, 2011-Ohio-5897, ¶ 23 (5th Dist.).

{¶ 16} Civ.R. 4.1 governs the methods of service, including certified mail. Here, Lofty attempted to serve DiNardo first by certified mail at the Kenwood address as provided in Civ.R. 4.1, but it was returned as "unclaimed." Lofty then attempted service by ordinary mail as provided in Civ.R. 4.6(D), which states in relevant part:

> If attempted service using United States certified or express mail . . . within . . . the state is returned with an endorsement stating that the envelope was unclaimed or a similar endorsement indicating the item was unclaimed, the clerk shall forthwith notify the attorney of record . . . and enter the fact and method of notification on the appearance docket. If the attorney . . . after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities

with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

{¶ 17} In this case, an April 3, 2024 entry on the docket indicates that the complaint was served on DiNardo by ordinary mail on April 2, 2024, with April 30, 2024, as the answer date. This entry was accompanied with a filing of the summons addressed to DiNardo at the Kenwood address. This service by ordinary mail was never returned as undelivered. DiNardo, however, relying on caselaw, including *Gen. Motors Acceptance Corp. v. Kollert*, 33 Ohio App.3d 274 (9th Dist.1986) (9th Dist. 1986), argues that the civil rules governing service were not followed because "[t]here is no evidence in the record that the clerk complied with [Civ.R.] 4.6(D) as there is no certificate of mailing to evidence service was attempted by ordinary mail." (DiNardo's appellate brief, p. 7.)

{¶ 18} In *Gen. Motors*, the Ninth District Court of Appeals found that improper service was made under Civ.R. 4.6(D). According to the *Gen. Motors* Court, a "'certificate of mailing' contemplates a confirmation of mailing by the United States Postal Service." *Id.* at 275, citing Staff Notes to Civ. R. 4.6(D). In *Gen. Motors*, the defendant's affidavit stated that he did not receive service, and the record demonstrated that the clerk sent a letter to the plaintiff stating that the summons, with a new answer date, had been resent by ordinary mail. The undated letter, however, "was placed in the court file but no filing stamp appears thereon." *Id.* at 274. Therefore, the court concluded that a letter filed by the clerk of courts

stating that the summons was sent was not sufficient to overcome the defendant's affidavit. *Id.* at 275.

{¶ 19} The matter before us is distinguishable. Here, DiNardo does not dispute notice of the complaint, but rather that service by ordinary mail at the Kenwood address was not valid because there was no evidence the clerk of courts complied with Civ.R. 4.6(D). Contrary to DiNardo's assertion, the record in this case demonstrates that the clerk in this case complied with Civ.R. 4.6(D). The clerk notated on the docket that service was attempted via ordinary mail, included the filing with the summons issued to DiNardo at the Kenwood address, and the ordinary mail envelope was not returned by the post office with an endorsement showing failure of delivery. Therefore, we find that DiNardo's argument and reliance on *Gen. Motors* is misplaced.

{¶ 20} Having found that service by ordinary mail was proper under the civil rules, the burden now shifts to DiNardo to present sufficient "evidentiary-quality information demonstrating" that service was not accomplished. *McWilliams*, 2013-Ohio-29 at ¶ 51 (8th Dist.), citing *Thompson*, 2011-Ohio-5897 at ¶ 23 (5th Dist.). This court has found sufficient evidence to rebut the presumption in instances where the "party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint . . . even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Rafalski v. Oates*, 17 Ohio App.3d 65, 66 (8th Dist. 1984), citing *Cox v. Franklin*, No. 32982 (8th Dist. Jan. 10, 1974).

However, "[i]f another witness had given testimony which contradicted her upon essential points, or if she had contradicted herself, or had made admissions which tended to support the claim of residence . . . a wholly different situation would be presented." *Hayes v. Kentucky Joint Stock Land Bank*, 125 Ohio St. 359, 365 (1932)

{¶ 21} Here, we find a "wholly different situation." *Id.* The record is clear — the complaint sent via ordinary mail to the Kenwood address was not returned as undelivered. Additionally, the trial court took many steps and generously provided DiNardo with several extensions to answer Lofty's complaint and address the service issue he raised. In fact, the court gave DiNardo over a year after Lofty's complaint was served to answer or otherwise respond, but DiNardo did not utilize the opportunities the court afforded. The trial court even held a hearing in June 2025, out of an abundance of caution, to determine if service on DiNardo was perfected. DiNardo failed to appear at this hearing.

{¶ 22} At the hearing, Lofty maintained that service was perfected by virtue of the ordinary mail attempt to the Kenwood address that was not returned, resulting in an answer date of April 30, 2024. Lofty contended that the parties had stipulated to service early on in this case. Lofty referenced the August 26, 2024 case-management conference where "all counsel agreed that service was perfected." (Tr. 11.) Lofty reasoned that "[t]his was documented in the journal entry dated August 30, 2024[, where] the Court expressly stated that service was completed." (Tr. 11.) According to Lofty, "that sentence was included in this journal entry for a very specific reason. In fact, that was at the request of the defendant's counsel so he

had something to be able to show the defendant that the service issue was a dead issue." (Tr. 11-12.)

{¶ 23} Then on February 4, 2025, the court issued a journal entry reiterating that service was, in fact, completed after reviewing DiNardo's motion to clarify the court's determination that service was perfected. Additionally, the court gave DiNardo 14 days to file an answer. At that point in time, approximately ten months had passed since the April 2024 answer date.

{¶ 24} Lofty also presented evidence regarding DiNardo's contention that he could not be served at the Kenwood address because that property was foreclosed on in 2019.[5] Lofty submitted evidence of a garnishment case that was filed in the Cuyahoga County Court of Common Pleas where service was perfected upon DiNardo by certified mail at the Kenwood address in February 2024. DiNardo's "signature appears on the last page where he did accept service of process by certified mail on February 7, 2024[.]" (Tr. 14.) According to Lofty, "[t]hat's about a month after we attempted service by certified mail in this case and about a little less than two months after we perfected service by regular mail." (Tr. 13.)

{¶ 25} In reaching our conclusion, we are mindful that "[t]he purpose of summons is to notify a defendant of proceedings and afford such defendants the

---

[5] Interestingly, we note that in Lofty's reply in support of default judgment, it maintained that five days after filing its complaint, Lofty's counsel received an email from an individual named "'William Wesley, attempting to extort the undersigned with the threat of a disciplinary complaint if the undersigned proceeded to prosecute this case." Upon further investigation, Lofty's counsel discovered that Wesley and DiNardo "jointly owned the Kenwood property, and are associated with the same companies." (Lofty's reply in support of default judgment July 26, 2024.)

opportunity to appear and defend and is therefore valid when the defendant is accorded a fair opportunity to be apprised of the proceedings." *Black v. Barany*, 1982 Ohio App. LEXIS 12131, *21 (8th Dist. Sept. 30, 1982), citing *Krabill v. Gibbs*, 14 Ohio St. 2d 1 (1968); *Baldine v. Klee*, 14 Ohio App.2d 181 (11th Dist. 1968.) That is exactly what happened in this case. DiNardo was afforded multiple opportunities, but chose not to appear or respond. Additionally, Lofty presented evidence that the service by ordinary mail was sent to an address where there was a reasonable expectation that it would be delivered to DiNardo.

{¶ 26} Thus, based on the foregoing, we find that Lofty perfected service on DiNardo and the trial court's grant of default judgment was proper.

{¶ 27} Therefore, the sole assignment of error is overruled.

{¶ 28} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
EILEEN A. GALLAGHER, J., CONCUR